**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**HAROLD JUNKINS,**

    **Petitioner,**

  **v.**                                **CIVIL ACTION NO. 1:04CV169**
                                        **(Judge Stamp)**

**THOMAS McBRIDE, Warden,**

    **Respondent.**

**REPORT AND RECOMMENDATION/OPINION**
**28 U.S.C. § 2254**

## I. INTRODUCTION

On July 30, 2004, the *pro se* petitioner filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

By Order entered on May 10, 2005, the Court advised the petitioner pursuant to Hill v. Braxton, 277 F. 3d 701 (4th Cir. 2002) that it appeared his §2254 petition was untimely, and that unless he demonstrated that his petition was timely, the Court would dismiss the petition. On May 17, 2005, the petitioner filed a response to the Court's May 10, 2005 Order. Also, on May 17, 2005, the respondent faxed the Court a copy of the docket sheets from the petitioner's state criminal case (case no. 97-F-34) and state habeas case (case no. 01-C-97).

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.13, is ripe for review.

## II. PROCEDURAL HISTORY

In September 1997, the petitioner was convicted by a jury in the Circuit Court of Harrison County of one count of first degree sexual assault (Count One) and one count of third degree sexual abuse (Count Two). The petitioner was sentenced to 15-35 years on Count One and 90 days on Count Two, to run concurrently with the sentence on Count One. The petitioner filed a petition for direct appeal which was refused on October 29, 1998.

While the petitioner states he filed a state habeas petition on September 20, 2000. The circuit court's docket sheet reveals that he filed a petition for habeas corpus on March 9, 2001. The state habeas petition was denied on April 4, 2002. The petitioner filed a petition for appeal which was denied on January 15, 2004. Over seven months later, on July 30, 2004, the petitioner filed a §2254 petition with this Court.

## III. ANALYSIS

### A. Timeliness

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d)(1).[1]

Section 2244 (d)(1) provides that the period of limitation shall run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this case.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). See also Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). Further, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris, 209 F. 3d at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The petitioner does not assert that his petition is based on newly discovered facts or that the Supreme Court created a newly recognized constitutional right which was made retroactive. Thus, §§2244(d)(1)(C) and (D) are inapplicable in determining the timeliness of the petition.

However, §2244(d)(1)(A) is relevant in determining when the statute of limitations began. The West Virginia Supreme Court denied the petitioner's petition for appeal on October 28, 1998.

3

He did not file a petition for a writ of certiorari. If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so--90 days--has elapsed. Braxton, 277 F. 3d at 705. Consequently, the petitioner's conviction became final on January 26, 1999, and he had one year, or until January 26, 2000, to file a §2254 petition. However, he did not file his §2254 petition until July 30, 2004, over 4 years after the statute of limitations expired. Further, because the petitioner did not file a state habeas petition until March 9, 2001, after the statute of limitations had expired, his state habeas petition did not toll the statute of limitations. Consequently, the petition filed on July 30, 2004, is untimely under §2244(d)(1)(A).

However, it appears based on the petitioner's response to the Hill v. Braxton notice that the petitioner is attempting to allege that the State impeded the filing of his §2254 petition. The petitioner states that "[f]urther Petitioner has not been given copy of all his documents needed by the Order of this submission, where even Mt. Olive has been allowed to get between him and the Courts to hinder and destroy his records has contra ban." He further states that "[t]his is a clear violation going on to obstruct Petitioner from coming to the Court with his case, and was done even on his original direct appeal that is why once at Mt. Olive petitioner was forced to start proceedings of a state habeas." It does not appear from the facts as provided by the petitioner that his records were destroyed prior to his filing a state habeas petition.

Moreover, exhibit 6 to the petitioner's §2254 petition is an August 14, 2000 letter from the petitioner to the Clerk of Circuit Court of Harrison County. In his letter, he indicates that the lawyer his mother hired to file a state habeas petition may have been disbarred in Ohio. He further states his lawyer had all of his records and he could not locate his lawyer or get his records from his lawyer. He makes no mention of his records being destroyed.

Thus, the petitioner has not provided any information which reveals that the state impeded his ability to file a timely habeas petition. Therefore, §2244(d)(1)(B) is not applicable to this case.

Even though the undersigned has found that the petition in untimely under §2244(d)(1)(A), the undersigned has examined whether the petitioner has set forth any grounds to justify equitable tolling.

**B. Tolling**

The time limit to file a §2254 petition is a statute of limitations; therefore, it is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). The doctrine of equitable tolling has been applied in two generally distinct situations. First, it has been applied in situations where the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. Id. at 330. Second, it has been applied in situations where extraordinary circumstances beyond the plaintiff's control have made it impossible to file the claims on time. Id.

The petitioner has provided no facts in his response to the Hill v. Braxton notice which indicate that he is entitled to equitable tolling. Moreover, while he states in his memorandum in support of his §2254 petition that he is illiterate and did not receive any help for years, such does not justify equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(pro se status and ignorance of the law does not justify equitable tolling); Marsh v. Soares, 223 F. 3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir.), cert. denied, 531 U.S. 1035 (2000) (ignorance of law and pro se status held insufficient to toll limitations period); Turner v. Johnson, 177 F.3d 390, 392 (5th

5

Cir.), cert. denied, 528 U.S. 1007 (1999) (unfamiliarity with the legal process, illiteracy, and lack of representation do not merit equitable tolling).

Further, even the actions of the lawyer the petitioner's mother hired to pursue his state habeas petition do not justify equitable tolling. First, there is no constitutional right to counsel in state post conviction proceedings. Coleman v. Thompson, 501 U.S.722, 752 (1991). Moreover, the petitioner has provided no information that he acted diligently in filing a state habeas petition. In his August 2000 letter to the circuit court he stated that the attorney had been hired "over a year ago" and had done nothing. He does not indicate the exact date the attorney was hired. He says his mother tried to retrieve his records, but he does not indicate when such attempts were made or how his mother tried to obtain the records. He also fails to state why he did not retain copies of the records he gave his habeas counsel. Further, at the time the petitioner attempted to obtain his records from the circuit court, the one year statute of limitations period had already expired. Thus, the facts before the Court reveal no grounds for equitable tolling.

## IV. **RECOMMENDATION**

It is recommended that the petitioner's §2254 petition be DENIED and DISMISSED WITH PREJUDICE because the petition is untimely.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver

of the right to appeal from a judgement of this Court based upon such Recommendation.[2]

The Clerk of the Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and the West Virginia Attorney General.

Dated: June 3, 2005

/s *John S. Kaull*

**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).