IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HAROLD JUNKINS,

    Petitioner,

v.                                     Civil Action No. 1:04CV169
                                              (STAMP)
THOMAS McBRIDE, Warden

    Respondent.

## MEMORANDUM OPINION AND ORDER
## AFFIRMING AND ADOPTING REPORT AND
## RECOMMENDATION OF MAGISTRATE JUDGE

On July 30, 2004, <u>pro se</u> petitioner, Howard Junkins, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2254. The Court referred the motion to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). The case was assigned to the undersigned judge on April 4, 2005. Pursuant to <u>Hill v. Braxton</u>, 277 F.3d 701 (4th Cir. 2002), Magistrate Judge Kaull entered an order on May 10, 2005 requiring the petitioner to demonstrate to the Court that his petition was not untimely. The petitioner responded to the magistrate judge's order within the time permitted.

On June 6, 2005, the magistrate judge entered a report recommending that the petitioner's § 2254 motion be denied as untimely and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of

the magistrate judge's recommendation. The petitioner filed timely objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

In his report, the magistrate judge found that the petitioner's conviction became final on January 26, 1999, ninety days after the Supreme Court of Appeals of West Virginia denied his petition for appeal. The magistrate judge found that the petitioner had one year to file a § 2254 petition, pursuant to 28 U.S.C. § 2244(d)(1).[1] Thus, the limitations period expired on

---

[1] Title 28, United States Code, Section 2244, which addresses finality of petitions under 28 U.S.C. § 2254, states in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

January 26, 2000. The petitioner did not file his § 2254 motion until July 30, 2004.

In addition, the magistrate judge noted that the petitioner failed to file a state habeas petition until March 9, 2001 -- after the state statute of limitations expired. The magistrate judge found that this precluded the petitioner from using his state habeas petition to toll the federal statute of limitations. Finally, the magistrate judge noted that it appeared from the petitioner's response to the Hill v. Braxton notice that he is alleging that the State impeded the filing of his § 2254 motion. However, the magistrate judge found no evidence in the record to support this claim.

The magistrate judge then considered whether grounds existed for equitable tolling. The magistrate judge found that the petitioner's contention that he was hindered because he is illiterate does not justify equitable tolling. Further, the

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244.

magistrate judge found that the petitioner's ineffective assistance of counsel argument regarding the attorney his mother hired to pursue his state habeas claim was also without merit. The magistrate judge explained that there is no constitutional right to counsel in state post-conviction proceedings. Finally, the magistrate judge found that the petitioner has not shown that he used diligence in pursuing his state habeas petition. Based on these conclusions, the magistrate judge recommended that the petitioner's § 2254 motion be denied as untimely.

In his objections, the petitioner argues that he lacks the education and ability to understand the necessary proceedings, and that an appointment of counsel is necessary for a full and fair litigation of his case. He also argues that employees of the Mount Olive Correctional Complex destroyed records in his case. Finally, he claims that he filed his habeas petition months before the Court officially placed it on file.

First, this Court notes that an indigent plaintiff in a civil action may be entitled to an appointment of counsel only after a showing of particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). This Court finds that the plaintiff has failed to demonstrate that his current circumstances require the appointment of counsel in this case. Thus, to the extent that the petitioner seeks counsel in his objections, this request is denied.

4

Secondly, this Court finds that the petitioner has provided no evidence that the State destroyed any of his records. His assertions, standing alone, are insufficient to create cause for a tolling of the statute of limitations based on state interference.

Further, this Court notes that the petitioner has provided no evidence that he actually submitted his habeas petition to either the state or federal court at an earlier date than that which was recorded. These unspecific, unsubstantiated allegations do not justify a tolling of the statute of limitations.

Finally, after reviewing the record, this Court finds no other cause for equitable tolling. The record does not reflect circumstances in which the petitioner diligently pursued his habeas claims but was prevented from filing them by forces beyond his control. There is no evidence that the petitioner made any effort to exercise his rights until March 9, 2001, which was beyond the statute of limitations for both state and federal habeas relief. Thus, this Court must find his petition to be untimely.

In summary, this Court finds that Magistrate Judge Kaull has examined the petitioner's claims carefully and has provided clear explanations for his recommendations. After <u>de novo</u> consideration of the record, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, for the reasons stated above, the petitioner's § 2254 petition is hereby DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 21, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE